# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

KURT BOGLE,

      **Plaintiff,**

v.

JUDGE JERRY J. HOOKER, et al.,

      **Defendants.**

Case No. 24-3184

## ORDER

Before the Court is Plaintiff's fourth Motion to Request Counsel (#41).

Unlike in criminal cases, parties in civil cases have no right to a lawyer. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). However, under 28 U.S.C. § 1915(e)(1), the court may recruit a lawyer for a party who cannot afford one. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

In determining whether to recruit an attorney, the court asks two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty in the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654.

To answer the second question, the court looks to see "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. This requires the court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842 (7th Cir. 2020).

In its previous Order denying Plaintiff's second and third Motions to Request Counsel (#12, 15), the Court stated:

> The Court's threshold inquiry when considering appointment of counsel is ability to pay. Title 28, United States Code, Section 1915(e)(1), states, "the court may request an attorney to represent *any person unable to afford*

> *counsel.*" (Emphasis added.) Plaintiff has shown, by his Motion to Proceed Without Prepayment of Fees, that he is not indigent and is able to afford counsel. Also, he has indicated as much by plainly stating the obstacle to retaining counsel is not financial. Rather, he simply cannot find an attorney to represent him in this case.
>
> "There is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). In *Bell v. Milwaukee Board of School Directors*, the court denied a motion to appoint counsel because the plaintiff "fail[ed] the threshold requirement of being unable to afford counsel. [He] does not claim to be indigent, and his failure to make this claim and support it with evidence is a sufficient reason to deny the motion." 2023 WL 11747370, at *2 (E.D. Wis., Feb. 15, 2023).
>
> Even if Plaintiff were to show he could not afford to pay for counsel, the Court would be compelled to deny the Motions for the reasons stated in its July 29, 2024, Order.
>
> Accordingly, Plaintiff's Motions to Request Counsel (#12, 15) are DENIED.

(#26, Order, September 10, 2024).

For similar reasons as noted in the Court's prior Order, the Court denies Plaintiff's fourth Motion to Request Counsel. Plaintiff has personal knowledge of these facts, and he has demonstrated an ability to adequately communicate in writing with the Court and in other correspondence. This case does not involve overly complex factual or legal issues. Considering all available evidence of Plaintiff's abilities, this case does not exceed Plaintiff's capacity to present it.

The Court also notes that it grants *pro se* plaintiffs wide latitude in presenting their cases. *Moore v. Godinez*, 2010 WL 3718599 (N.D. Ill. Sept 10, 2010).

For these reasons, Plaintiff's fourth Motion to Request Counsel (#41) is DENIED.

ENTERED this 9th day of October, 2024.

                                                s/ERIC I. LONG
                                     UNITED STATES MAGISTRATE JUDGE